IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLIE CLOSNER,

    Petitioner,                    No. CIV S-08-1313 JAM EFB P

    vs.

BRIAN BELLEQUE,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner proceeding with counsel on a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss on the ground that the petition, filed June 9, 2008, is untimely. For the reasons explained below, the court finds that the petition is untimely.

**I.    Procedural History**

    Petitioner pled guilty to a second degree murder that occurred on October 17, 1987. Pet., 4:7-8. On May 2, 1988 the California Superior Court of Sutter County imposed a sentence of 15-years-to-life in state prison, with the possibility of parole. *Id.,* 4:8-9.

    On January 19, 2006, the Board of Parole Hearings (Board) found petitioner unsuitable for parole. *Id.,* Ex. B.

////

On June 19, 2006, petitioner filed a habeas petition in the state superior court, which was denied on March 27, 2007. *Id.,* Ex. E.

On November 16, 2007, petitioner filed a habeas petition in the state appellate court, which was denied on November 29, 2007. *Id.,* Exs. F, H.

On December 13, 2007, petitioner filed a habeas petition in the state supreme court, which was denied on February 13, 2008. *Id.,* Exs. G, H.

On June 9, 2008, petitioner filed the instant petition challenging the Board's decision.

## II.     Standards

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The statute of limitations for habeas petitions challenging parole suitability hearings is based on § 2244(d)(1)(D), i.e., the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. *Redd v. McGrath*, 343 F.3d 1077 (9th Cir. 2003).

This period is tolled while a "properly filed" application for state post-conviction relief is "pending" in the state court. 28 U.S.C. § 2244(d)(2). In California, a properly filed post-

2

conviction application is "pending" during reasonable intervals between a lower court's decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). Thus, if the petitioner "unreasonably delays" in filing a subsequent petition after a lower court's denial, the petition is no longer "pending" and the statute of limitations will not be tolled. *See Evans v. Chavis*, 546 U.S. 189, 201 (2006). In California, unjustified delays greater than six months are considered unreasonable. *See id.* (stating that California courts would not "consider an unjustified or unexplained six month filing delay 'reasonable'" and that "an unexplained delay of this magnitude" could not "fall within the scope of the federal statutory word 'pending' as interpreted in *Saffold*.").

### III.   Analysis

As stated above, the limitations period for habeas petitions challenging parole suitability hearings begins on the date that the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. *Redd*, 343 F.3d 1077. Petitioner was represented by counsel and participated in the hearing, where the Board explained why it was finding petitioner unsuitable for parole. Pet., Ex. B. Thus, the factual basis of petitioner's claims could have been discovered by petitioner arguably at the time of the January 19, 2006 hearing and certainly once the Board's decision became final, on May 19, 2006. *See* Cal. Code Regs. tit. 15, § 2043 ("Any proposed decision granting, modifying, or denying a parole date for a life prisoner, exclusive of those made during Progress Hearings, shall become final no later than 120 days after the hearing at which the proposed decision was made.")

Petitioner contends that the statute of limitations did not begin to run until the Governor's 30-day review period lapsed because that is when the Board's decision became final. *See* Cal. Const. Art. V, § 8(b) (providing that no decision of the Board to grant, deny, revoke, or suspend parole "shall become effective" for a period of 30 days, during which time the Governor may review the decision). Because the limitations period for parole cases runs from when the factual basis of the claims could have been discovered through due diligence, pursuant to

3

§ 2244(d)(1)(D), rather than from when the decision of the Board became final, pursuant to § 2244(d)(1)(A), the 30 day gubernatorial review period is not included in the limitations period. *Gray v. Cramer*, No. 07-cv-1928, 2008 U.S. Dist. LEXIS 55412, at *5 (E.D. Cal. July 18, 2008). That the Governor could have exercised his authority to review the Board's decision does not change the factual predicate giving rise to petitioner's claims that the Board's decision violated his rights. After the Board's decision became final on May 19, 2006, there was nothing further for petitioner to discover about the Board's decision. Thus, the statute of limitations accrued no later than May 20, 2006, the day after the Board's decision became final.

Thirty-one days later, on June 19, 2006, petitioner filed a petition in the state superior court. Pet., Ex. E. The statute was tolled from the date that this petition was filed until it was denied on March 27, 2007. Petitioner then allowed 234 days to pass before filing a habeas petition in the state appellate court on November 16, 2007. *Id.,* Ex. H. Petitioner's unexplained 234-day delay between the state superior court's denial and the filing of his state appellate court petition was unreasonable. *See Chavis*, 546 U.S. at 201. Since the appellate court petition was not filed within a reasonable time, it was not "pending" for purposes of statutory tolling. *See* 28 U.S.C. § 2244(d)(2).

Petitioner suggests that a 90-day period would have been reasonable for filing a petition in the state appellate court. He therefore asks that 90 of the 234 days be tolled and that only the remaining 144 days be counted against him. As stated above, however, petitioner's unreasonable delay in filing his petition with the state appellate court means that his petition was simply not "pending" within the meaning of the tolling statute, and therefore, the limitations period cannot be tolled, in whole or in part, during this intervening period.

Because petitioner proceeded promptly in filing a petition in the state supreme court after the state appellate court denied his petition, the statute was tolled from the date that petitioner filed his state appellate court petition until February 13, 2008, the date that the state supreme court denied his petition. Petitioner then waited 117 days before filing the instant petition.

1   With the permitted statutory tolling, the instant petition was filed 382 days after the one-
2 year statute of limitations period began to run.  Thus, the petition should be dismissed as
3 untimely.
4   Accordingly, it is hereby RECOMMENDED that the petition be dismissed as untimely.
5   These findings and recommendations are submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
7 after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties.  Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
10 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
11 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
12 Dated:  November 24, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE